# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| **MARK CASTAMORE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SAGORA SENIOR LIVING** )<br>**INC d/b/a The Brennity at** )<br>**Daphne Assisted Living and** )<br>**Memory.** )<br>)<br>**Defendant.** ) | **Civil Action No.:**<br><br>**JURY DEMANDED** |

## COMPLAINT

Mark Castamore (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Sagora Senior Living, Inc. d/b/a The Brennity at Daphne Assisted Living and Memory (hereinafter "Defendant") and seeks redress for racial discrimination and hostile work environment suffered in Plaintiff's capacity as an employee of Defendant. Plaintiff has been discriminated against by Defendant on account of Plaintiff's race in violation of Title VI of the Civil Rights Act of 1964 and any other causes of action that can be inferred from the facts set forth herein. In support of his Complaint, Plaintiff states as follows:

## **PARTIES**

1. Plaintiff is a resident of Baldwin County, Alabama, and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

3. Defendant is a foreign corporation incorporated under the laws of Delaware, with its principal place of business being in the State of Texas. Defendant's registered agent is Corporation Service Company Inc., which can be served with process at 641 South Lawrence Street, Montgomery, AL 36104.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under Title VI of the Civil Rights Act of 1964.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Baldwin County, Alabama, which lies within the Mobile Division of the United States District Court for the Southern District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

6. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about January 14, 2025, Plaintiff filed a Charge of Discrimination in

employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

7. On or about January 27, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "<u>Exhibit A</u>".

## FACTS

8. Plaintiff is a Caucasian male and a citizen of the United States.

9. In or around March 2024, Plaintiff began his employment with Defendant.

10. Beginning on or about May 2024, Plaintiff began working under the supervision of Shameka Gregory ("Gregory"), an African-American female.

11. Starting in May 2024, Plaintiff began being subjected to a hostile work environment.

12. On or about October 29, 2024, Defendant Terminated Plaintiff's employment.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED, 42 U.S.C. § 200E ET SEQ.

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-12 as if fully set out herein.

14. Plaintiff is a Caucasian male and a member of a protected class.

15. The conduct alleged herein violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as Defendant engaged in the practice of a hostile work environment against Plaintiff.

16. On or about May 4, 2024, Plaintiff applied for a promotion for the Director of Maintenance that was supposed to come with a pay raise.

17. At the time of his application, Shameka Gregory ("Gregory"), the supervisor for the position, told Plaintiff that she would consider the application, but was looking at other applications to ensure things were "fair".

18. Although Plaintiff received the job, Gregory informed Plaintiff that he would not be getting a pay raise, and that due to the position change, Plaintiff would have to wait a month for his access and pay to switch to the new position.

19. After starting in the new position, Plaintiff noticed that Gregory was treating non-African-American employees under her supervision worse than the African-American employees under her supervision.

20. As a result of Gregory's treatment, Plaintiff witnessed at least five (5) non-African-American directors who quit their jobs or were terminated as a result of Gregory's targeting.

21. On or about September 30, 2024, Plaintiff caught two African-American employees who worked in the Kitchen outside in the parking lot smoking marijuana on two separate occasions.

22. After each instance, Plaintiff approached the employees and informed them that smoking marijuana was against company policy and instructed them to stop.

23. A couple of days following September 30th, Gregory approached Plaintiff and accused him of going into the parking lot and attempting to sell marijuana to the two employees that Plaintiff saw smoking.

24. After this accusation, Plaintiff reported Gregory to his regional manager along with other instances of Gregory's discriminatory conduct.

25. Plaintiff has a good faith basis to believe that Defendant has received other reports about Gregory's discriminatory behavior prior to Plaintiff's.

26. In or around October 2024, Gregory began retaliating against Plaintiff by fabricating reason to write him up.

27. During this time, Plaintiff was approached by another white co-employee who was complaining to him about Gregory's discrimination against non-African-American Employees.

28. After this conversation, Gregory gave Plaintiff a "written and final warning" for "racist remarks".

29. Prior to this instance, Plaintiff had never been written up before.

30. On or about October 11, 2024, Gregory went on a scheduled vacation.

31. During said vacation, Gregory left Plaintiff an extensive "to-do list" that included numerous mundane and trivial tasks with express instructions that it must all be completed prior to her return.

32. Plaintiff was the only director to receive such a list, and no African American director was provided such a list.

33. On or about October 14, 2024, Plaintiff had a family emergency that required him to travel out of town.

34. During Plaintiff's time out of town, Gregory called numerous times and required Plaintiff to work even though he had approved time off.

35. During Plaintiff's employment with Defendant, Gregory would treat African-American employees better than Caucasian employees, and would purposefully try to push Caucasian employees to either quit or be terminated.

36. In or around October 2024, Plaintiff complained to Defendant regarding Gregory's discriminatory treatment; however, Defendant failed or refused to take any action to stop Gregory's behavior.

37. On or about October 29, 2024, Defendant terminated Plaintiff's employment.

38. All of the above-listed conduct Plaintiff was subjected to are actions that African-American employees were not subject to.

39. Defendant discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

40. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, and other damages as a direct result of Defendant's unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper.

## COUNT II:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.
**(Retaliation)**

41. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-12 and 14-37.

42. In or around October 2024, Plaintiff complained to Defendant regarding Gregory's discriminatory treatment of non-African-American employees.

43. Following Plaintiff's Complaint, Gregory began targeting Plaintiff by fabricating reasons to write up Plaintiff.

44. In or around October 2024, Gregory wrote Plaintiff up for the fabricated reason of making "racist remarks" despite never making any such remark.

45. Before his complaint against Gregory, Plaintiff had been considered a stellar employee.

46. On or about October 29, 2024, Defendant terminated Plaintiff's employment.

47. Defendant intentionally discriminated against Plaintiff by retaliating against Plaintiff for engaging in a protected activity.

48. Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. because it engaged in the practice of retaliation against Plaintiff.

49. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and done with reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

50. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

*/s/ Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

Sagora Senior Living, Inc. d/b/a The Brennity at Daphne Assisted Living and Memory
c/o Corporation Service Company Inc.
641 South Lawrence Street,
Montgomery, AL 36104